## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

MINNESOTA LIFE INSURANCE COMPANY,

        Plaintiff,

v.                              CIVIL ACTION NO.  2:11-cv-00360

LARRY FITZWATER, et al.,

        Defendants.

### MEMORANDUM OPINION & ORDER

Pending before the court is the interpleader defendant and cross-claim plaintiff Kathleen Bogasse's Motion for Joinder of Additional Parties [Docket 19].  For the reasons discussed below, this Motion is **DENIED**, and the court **ORDERS** Glenda Thacker joined as an interpleader defendant.

**I.**      **Background**

      A.    *Facts*

The interpleader plaintiff Minnesota Life Insurance Company instituted this action seeking a determination concerning who should receive the death benefit from Barbara A. Bogasse's life insurance policy.  (Interpleader Pl.'s Mot. to Deposit Funds & Ord. Discharge [Docket 1], at ¶ 1.)  Barbara Bogasse's life was insured by basic term life insurance policy number 33227 ("policy"), and her father, Glen E. Bogasse, was listed as the beneficiary.  (*Id.* ¶ 8-9.)  On December 2, 2005, Glen Bogasse died, but Barbara Bogasse did not change the beneficiary listed on the policy at the time.  (*Id.* at ¶ 10.)

At the time of her death on March 8, 2009, however, Barbara Bogasse had changed the beneficiary on her life insurance policy.   Specifically, Barbara Bogasse designated Larry Fitzwater as the policy beneficiary on February 26, 2009.  (*Id*. ¶ 11.)  Larry Fitzwater had been hired to care for Barbara Bogasse, and he was her caregiver when she died.  (*Id*. ¶¶ 12-13.)  The interpleader defendant Kathleen Bogasse claims that the designation of Larry Fitzwater is invalid and that she is entitled to the death benefit under the policy's default beneficiary schedule.  (*Id*. ¶ 15.)  Subsequently, Kathleen Bogasse filed a disclaimer forfeiting her interest in the policy's proceeds.  (Interpleader Def.'s/Cross-Claim Pl.'s Mot. for Joinder Additional Parties [Docket 19], at ¶ 3-4.)

In addition to being an interpleader defendant, Kathleen Bogasse has filed a cross-claim against Larry Fitzwater, asserting undue influence and fraud in the changing of the policy beneficiary designation.  (Am. Cross-Claim [Docket 18], at 4.)  She also has brought a breach of contract claim against Larry Fitzwater for allegedly breaching the duty of "good faith and fair dealing" in his contract "with the decedent and family members to provide her end of life care." (*Id*. ¶ 23.)  Kathleen Bogasse now seeks to join Glenda B. Thacker and Edgar W. Thacker as parties "similarly situate[d] as she" to the instant action.  (Interpleader Def.'s/Cross-Claim Pl.'s Mot. for Joinder Additional Parties [Docket 19], at ¶ 3-4.)  Glenda B. Thacker is Kathleen Bogasse's only surviving descendent and would be the "heir to the subject intestate estate."  (*Id*. ¶ 3.)  Edgar W. Thacker is the administrator of the Estate of Barbara A. Bogasse.  (*Id*. ¶ 1.)

B.   *Procedural History*

The interpleader plaintiff instituted this action on May 19, 2011, by filing the Interpleader Complaint [Docket 1].  On July 5, 2011, interpleader defendant Kathleen Bogasse filed a Motion

for Joinder of Additional Parties [Docket 19], seeking to join Glenda B. Thacker and Edgar W. Thacker as additional parties under Federal Rule Civil Procedure 20.  This Motion is now ripe for review.

## II.     Joinder of Additional Parties in Interpleader Claim

### A.     *Standard of Review*

"Federal Rule of Civil Procedure 19 sets forth a two-step inquiry for a district court to determine whether a party should be joined in an action."  *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Rite Aid of SC, Inc.*, 210 F.3d 246, 249 (4th Cir. 2000).  A court must initially determine "whether a party is necessary to a proceeding because of its relationship to the matter under consideration."  *Owens-Ill., Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999) (quoting *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 917-18 (4th Cir. 1999)).  When a court determines that a party is necessary, the court must order the party joined in the action.  *Id.*  If the party cannot be joined, the court is required to determine whether the party is an indispensable party under Rule 19(b).  *Id.*

The standard to determine if a party is a necessary is Rule 19(a), which provides in pertinent part:

> (1)  ***Required Party***.  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>> (A)  in that person's absence, the court cannot accord complete relief among existing parties; or
>> (B)  that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>> (i)  as a practical matter impair or impede the person's ability to protect the interest; or
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

- 3 -

FED. R. CIV. P. 19(a)(1).  Courts have emphasized that the decision regarding whether a party is a necessary party pursuant to Rule 19(a) must "be made in terms of the general policies of avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting the absent persons from the possible prejudicial effect of deciding the case without them." *Black Diamond Girl Scout Council, Inc. v. St. Paul Fire & Marine Ins. Co.*, 621 F. Supp. 96, 97 (S.D. W. Va. 1985) (quoting 7 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE:  CIVIL § 1604, at 35 (1972 & Pocket Part 1985)).  Additionally, courts stress that the analysis under Rule 19(a) regarding whether a party is a necessary party is case-specific and "there is no precise formula for determining whether a particular nonparty must be joined under Rule 19(a)." *Id.*

B.   *Analysis*

The interpleader defendant Kathleen Bogasse asserts that she has disclaimed her interest in the policy and that Glenda B. Thacker is her only surviving descendent.  (Interpleader Def./Cross-Claim Pl.'s Mot. for Joinder of Additional Parties [Docket 19], at ¶ 3.)  In West Virginia, when an individual disclaims an interest in property, the property interest passes as if the individual who disclaimed the interest died immediately prior to the time the property was distributed.  W. VA. CODE § 42-6-6(b)(3)(A).  If Kathleen Bogasse validly disclaimed her interest in the policy proceeds, her interest would pass to Glenda Thacker because Glenda Thacker is her only surviving descendent. *See id.*  Thus, if Kathleen has a valid interest in the policy proceeds, that interest passes to Glenda Thacker.

Because of Glenda Thacker's potential interest, this court must determine if Glenda Thacker is a necessary party under Rule 19.  Rule 19(a) provides that a party is necessary if the

case could "impair or impede" the potential party's ability to protect its interest or if there is a substantial risk that an existing party could be exposed to "double, multiple, or otherwise inconsistent obligations." FED. R. CIV. P. 19(a)(1)(B). Essentially, a court decides if the potential party "claims an interest related to the subject of the action," and if the potential party claims an interest, a court "considers whether the absence of the non-joined party will either: (1) impede or impair that party's interest," or "(2) leave an existing party subject to conflicting obligations." *Ohio Valley Envtl. Coal., Inc. v. Maple Coal Co.*, --- F. Supp. 2d ---, 2011 WL 3874576, at *16 (S.D. W. Va. Sept. 2, 2011) (citing FED. R. CIV. P. 19(a)(1)).

In this case, Glenda Thacker has an interest related to the subject matter of this interpleader action because she could potentially receive the policy proceeds if Kathleen Bogasse is entitled to the policy's benefit and there was a valid disclaimer. Additionally, any disposition could "impair or impede" Ms. Thacker's interest because her interest is dependent on the court's decision regarding Kathleen Bogasse's interest. If the court decides that Kathleen Bogasse is entitled to receive the policy benefit, Glenda Thacker would receive the proceeds if there is a valid disclaimer. Similarly, if the court decides that Larry Fitzwater is entitled to the policy proceeds and that Kathleen Bogasse is not, Glenda Thacker would not receive the policy benefit.

Rule 19(a)(2)(ii), which considers whether failure to join a potential party could subject an existing party "to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations," also indicates that Glenda Thacker is a necessary party. FED. R. CIV. P. 19(a)(2)(ii). The interpleader plaintiff Minnesota Life could potentially be exposed to subsequent litigation regarding the policy benefit if Glenda Thacker is not joined because she has a potential claim to the stake. *See id.* Interpleader actions are designed to limit the interpleader plaintiff's exposure

to subsequent litigation because all claims to the stake are resolved in the interpleader action. CHARLES WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1702 (3d ed. 2001); *see Sanders v. Armour Fertilizer Works*, 292 U.S. 190, 200 (1934) ("The purpose of the interpleader statute was to give the stakeholder protection . . . ."). The federal policies underlying the interpleader statute and Rule 19(a) are served if Glenda Thacker is a party in the instant action because she has a potential claim to the policy proceeds, and her joinder would allow the court to decide who among the potential claimants is entitled to the stake.

Based on the above reasoning, the court **FINDS** that Glenda Thacker is a necessary party under Rule 19(a) in the interpleader claim. Thus, the court **ORDERS** that Glenda Thacker be joined as an interpleader defendant in the instant action. Accordingly, the court **DENIES in part** as moot the Motion for Joinder of Additional Parties [Docket 19] with respect to the joinder of Glenda Thacker as an interpleader defendant.

The court **DENIES in part** the Motion for Joinder of Additional Parties [Docket 19] with respect to the joinder of Edgar Thacker as an interpleader defendant under Rule 20. The court also **ORDERS** Kathleen Bogasse, the interpleader defendant and cross-claim plaintiff, provide Edgar W. Thacker, administrator of the Estate of Barbara A. Bogasse, with a copy of the Interpleader Complaint. Edgar W. Thacker may then move to intervene in the instant interpleader action under Federal Rule of Civil Procedure 24(a). Should Edgar W. Thacker not move to intervene under Rule 24(a), this court may later join Mr. Thacker as a party to this action if it determines that Mr. Thacker is a necessary party under Rule 19(a).

## III.   Joinder of Additional Parties in Cross-Claim Against Larry Fitzwater

Kathleen Bogasse has also moved to join Glenda Thacker and Edgar W. Thacker as additional parties under Rule 20 in her cross-claim against Larry Fitzwater. (Mem. Supp. Mot. Joinder of Additional Parties [Docket 20], at 3.)  Federal Rule of Civil Procedure 20 provides that individuals may be joined as plaintiffs in a single action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." FED. R. CIV. P. 20(a)(1).  The court finds no indication from Kathleen Bogasse's pleadings that either Glenda or Edgar Thacker have filed claims against Larry Fitzwater or have sought to intervene under Federal Rule of Civil Procedure 24. Thus, the court **DENIES in part** the Motion for Joinder of Additional Parties [Docket 19] with respect to the joinder of Glenda and Edgar Thacker as plaintiffs in Kathleen Bogasse's cross-claim against Larry Fitzwater.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        January 26, 2012

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

- 7 -